# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

LORENZO COLE,

    Plaintiff,

vs.                                   Case No. 4:13cv76-MW/CAS

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

On February 21, 2013, the pro se Plaintiff has sought to initiate this case by filing a "motion for removal of case from state court," doc. 1, and a motion for leave to proceed in forma pauperis, doc. 2. The case Plaintiff seeks to remove is "his writ of replevin action" which Plaintiff states that he filed in the Second Judicial Circuit Court. Doc. 1 at 1.

Plaintiff's in forma pauperis motion, doc. 2, states forthrightly that Plaintiff "has had three prior lawsuits dismissed as 'frivolous, malicious, or failing to state a claim for relief'" but Plaintiff contends he may be granted in forma pauperis status under the "imminent danger of serious physical injury" exception. Doc. 2 at 1. A replevin action

does not qualify as a case brought due to imminent danger of physical injury. Thus, Plaintiff is not entitled to in forma pauperis status.

Another reason to deny Plaintiff's in forma pauperis motion is that he is not permitted to remove a case he initiated in state court to federal court. The removal statute permits a defendant to remove a case, 28 U.S.C. § 1441(a), it does not permit a plaintiff to do so. Plaintiff as the master of his complaint chose to proceed in state court. He is not permitted to change his mind mid-stream and jump into federal court.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to be granted in forma pauperis, doc. 2, be **DENIED**, and the motion for removal of case from state court, doc. 1, be **DENIED** as Plaintiff is not permitted to remove an action from state court to federal court.

**IN CHAMBERS** at Tallahassee, Florida, on March 6, 2013.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**